**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01881-CMA-BNB

NELLIE WRIGHT,

    Plaintiff,

v.

AMCO INSURANCE COMPANY,

    Defendant.

---

### ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT

---

This matter is before the Court *sua sponte*. For the reasons discussed below, the Court concludes that Defendant AMCO Insurance Co. has not established the Court's subject matter jurisdiction over this case. As such, the Court remands this case to the District Court, El Paso County, Colorado, for further proceedings.

### I. **BACKGROUND**

On or about July 20, 2012, Plaintiff Nellie Wright was involved in a motor vehicle accident with an uninsured motorist. (Doc. # 5 at 2.) Plaintiff alleges that she filed a claim under the uninsured motorist coverage provision of her insurance policy with Defendant. (*Id.*) On June 21, 2013, Plaintiff filed a Complaint in Colorado state court alleging claims for breach of contract, bad faith, and a statutory claim under Colo. Rev. Stat. § 10-3-1116. (Doc. # 5 at 3-4.) Defendant filed a Notice of Removal on July 15, 2013, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)

## II. DISCUSSION

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice, *Tafoya v. American Family Mutual Insurance Co.*, No. 08–cv–01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In the instant case, while Defendant asserts that the amount in controversy exceeds $75,000 (Doc. # 1 at 3), Plaintiff, in her Complaint, did not specify a monetary estimate of the damages it allegedly suffered (*see* Doc. # 5 at 4-5). Instead, Plaintiff merely asks for "general damages, economic damages, all statutory and necessary costs . . . and further relief as this Court shall deem proper, just and appropriate under the circumstance." (*Id.*) The sole instance of Plaintiff's estimate of damages is found on the state court Civil Cover Sheet accompanying Plaintiff's Complaint, which includes a check-marked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendant. (Doc. # 1-3.) This Court has previously

addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in, for example, *Garner v. Vaki*, No. 11-cv-01283, 2011 WL 2463285, at *1 (D. Colo. June 21, 2011) (unpublished), and *Tejada v. Allstate Fire & Casualty Insurance Co.*, No. 09-cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009) (unpublished). In both *Garner* and *Tejada*, the Court stated that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction." *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)).

Other sources of evidence often relied on to establish the amount in controversy, including "interrogatories obtained in state court before the notice of removal was filed, a proposed settlement amount, or affidavits," are not present in this case. *See Tejada*, 2009 WL 2958727, at *1.  As such, there is insufficient evidence that the value of this action exceeds the amount in controversy requirement of $75,000.  Any attempt by the Court to calculate the potential amount of damages "would simply be guesswork and, thus, amount to improper speculation." *Garner*, 2011 WL 2463285, at *1 (citing *Tafoya*, 2009 WL 211661, at *2.)  Thus, the Court concludes that Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

### III. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that this action is REMANDED to the District Court, El Paso County, Colorado, for further proceedings.

DATED:  September   19  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge